**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARIAN ROBINSON, | : | |
| | : | Civ. No. 18-1580  (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, and FRANCISCO J. QUINTANA, | : | |
| | : | |
| Respondents. | : | |

**VAZQUEZ**, United States District Judge

Petitioner Darian Robinson, a prisoner incarcerated in FCI Victorville in Adelanto, California, seeks to reopen this action under 28 U.S.C. § 2254 by submitting the five-dollar filing fee pursuant to 28 U.S.C. § 1914(a).  (ECF No. 5.)  The filing fee having been paid, the Court will reopen this matter.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a District Court Judge must promptly examine a petition for writ of habeas corpus under 28 U.S.C. § 2254, and "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."  For the reasons discussed below, the Court will dismiss the petition because Petitioner was not "in custody pursuant to the judgment of a State court" at the time he filed the Petition.

I.       BACKGROUND

In 1990, Petitioner pleaded guilty in the Superior Court of New Jersey, Essex County vicinage, to a charge of possession of cocaine with intent to distribute within 1,000 feet of a school. (ECF No. 1 at 1; ECF No. 1-1 at p. 36.) On December 6, 1990, Petitioner was sentenced to three years of incarceration with one year of parole ineligibility. (ECF No. 1-1 at p. 36.) The sentence was to run concurrently to a separate five-year sentence that was imposed on the same day in the Superior Court of New Jersey, Union County vicinage. (*Id.*) Petitioner served one year of these sentences and was released on parole. (*Id.*)

In April of 2007, Petitioner was charged in the United States District Court for the Western District of North Carolina with a count of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). (*Id.* at p. 36-37.) Petitioner pled guilty to this charge and was sentenced on July 1, 2008. (*Id.* at 37.) The sentencing court enhanced Petitioner's federal sentence based on the two prior New Jersey drug offenses. (*Id.*) This enhancement increased Petitioner's mandatory minimum federal sentence from ten years to twenty years. (*Id.*) The District Court then sentenced Petitioner to a term of 276 months. (*Id.*) Petitioner sought relief pursuant to 28 U.S.C. § 2255, which the District Court denied. (*Id.* (citing *Robinson v. United States*, 2013 WL 171096 (W.D.N.C. January 16, 2013)).

On or about September 17, 2014, Petitioner filed a Petition for Post-Conviction Relief in the Superior Court of New Jersey, Essex County, alleging ineffective assistance of counsel. (ECF No. 1-1 at p. 6.) The PCR court denied the petition on November 20, 2015, finding that the petition was time barred and that the petition failed on the merits. (*Id.* at 8-9.) Petitioner appealed to the Appellate Division, which affirmed. Subsequently, the New Jersey Supreme Court denied certification on September 11, 2017. (ECF No. 1-2 at p. 5.)

2

Petitioner filed the present petition for a writ of habeas corpus on February 5, 2018. He alleges that his counsel was ineffective for failing to consolidate his Essex County and Union County convictions and argues that he was prejudiced because the two separate convictions led to the enhancement of his 2008 federal sentence. (ECF No. 1-2 at p. 8.) At the time Petitioner filed this habeas petition, he was – and presumably remains – in federal custody in California on the federal sentence. (ECF No. 1 at 1.)

II.     CUSTODY

A petition for a writ of habeas corpus must be filed "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Petitioner was not, at the time he filed the instant Petition, in custody in New Jersey for the 1990 state conviction he seeks to challenge. The record reflects that Petitioner has served his sentence for that crime. (ECF No. 1-1 at p. 36.) Petitioner sought unsuccessfully to collaterally attack his conviction twenty-four years later. He filed the instant Petition challenging the failure to consolidate his two prior New Jersey state convictions because those convictions were used to enhance his federal sentence by a period of ten years. Petitioner asserts that the state courts should vacate his original plea and order the consolidation of the Essex County and Union County indictments, which would reduce the mandatory minimum sentence on his present federal sentence. (ECF No. 1-2 at p. 8.)

The Supreme Court has interpreted § 2254 as requiring that a habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed" in order to be entitled to habeas relief. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). In general, a habeas petitioner is not considered "'in custody' . . . when the sentence imposed for [a] conviction has fully expired at the time his petition is filed." *Id.* at 491.

In *Maleng*, the Supreme Court addressed whether a petitioner was "in custody" where the

3

conviction was fully expired but used to enhance a later sentence:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. . . . In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Id.* at 492-93. In that case, the Court ultimately concluded that petitioner's application could "be read as asserting a challenge to the [later] sentences, as enhanced by the allegedly invalid prior conviction" and found that petitioner satisfied the "in custody" requirement in order to challenge the later sentences. *Id.* at 493. The Court limited its holding to the narrow issue of "custody," however, and did not determine whether petitioner could challenge the earlier conviction itself within his attack on the later sentences that the conviction enhanced. *Id.* at 494.

The Supreme Court later addressed similar circumstances in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001). The Court in *Coss* found that the petitioner satisfied the "in custody" requirement because his petition had been construed as challenging his later, enhanced sentence. 532 U.S. at 401-02. However, addressing the question left open by *Maleng*, the Court held that a petitioner may not attack a prior fully expired conviction in a habeas petition directed at a current sentence which the prior conviction served to enhance:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal

4

>sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04.[1] Thus, the Supreme Court has made clear that a petitioner may not bring a federal habeas petition "directed solely" at prior convictions that have fully expired, *Coss*, 532 U.S. at 401, and that a petitioner may not attack an enhanced sentence based on a claim that the prior conviction was constitutionally deficient. *Id.* at 403-04.

Here, Petitioner has raised a challenge to his prior, 1990 conviction which is fully expired. Because Petitioner challenges his New Jersey conviction rather than his current federal sentence on which he is presently held, the Supreme Court's holding in *Maleng* applies and Petitioner does not satisfy the "in custody" requirement. Even if the Court were to construe the Petition as challenging Petitioner's federal sentence under § 2255, as occurred in *Maleng* and *Coss*, the Supreme Court's holdings in *Coss* and *Daniels* (*see* n. 1, *infra*) preclude such a claim. *See Gross v. Sniezek*, 396 F. App'x 802, 803 (3d Cir. 2010). Moreover, as noted above, Petitioner has already unsuccessfully proceeded with a motion pursuant to § 2255 in the District Court that imposed his federal sentence. Because that court is the proper venue for § 2255 motion, *see* 28 U.S.C. § 2255(a), this Court would not have jurisdiction to hear such a motion in any event. Accordingly, the Petition will be dismissed.[2]

---

[1] The Supreme Court's ruling in *Coss* is also reflected in its companion decision in *Daniels v. United States*, 532 U.S. 374 (2001), which reached the same holding regarding motions under § 2255. 532 U.S. at 382.

[2] The Court also notes, and Petitioner should be aware, that there is a one-year statute of limitations for petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). In most cases, the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A properly-filed application for post-conviction relief or other collateral review with respect to the particular judgment or claim will toll the running of the statute of limitations, but it does not reset the one-year period if it began to run before the PCR petition was filed. 28 U.S.C. § 2244(d)(2). The New

III.     CERTIFICATE OF APPEALABILITY

Lastly, the Court also denies a certificate of appealability ("COA").  AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

IV.     CONCLUSION

For the reasons discussed above, the petition for writ of habeas corpus under 28 U.S.C. § 2254 will be dismissed for lack of custody.

An appropriate Order follows.

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUE<br>
United States District Judge

Date: 5/14/18

---

Jersey courts concluded that Petitioner's PCR petition was untimely and the petition was therefore not "properly filed" for purposes of statutory tolling.  In any event, the one-year statute of limitations expired well before Petitioner filed his PCR petition in 2014 and the filing of his habeas petition in 2018.